IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRAVIS MERRILL and ROXANE MERRILL, individually and as parents and next friends of A.M., a minor, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:26-cv-00199-RWS |
| FRISCO INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

### DEFENDANT FRISCO INDEPENDENT SCHOOL DISTRICT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT

Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS KYLE
ROBINSON & DE LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

ATTORNEYS FOR DEFENDANT
FRISCO INDEPENDENT
SCHOOL DISTRICT

# TABLE OF CONTENTS

I.      STATEMENT OF THE ISSUES.................................................................................. 1

II.     STATEMENT OF FACTS .................................................................................. 2

III.    MOTION TO DISMISS - RULE 12(b)(1) .................................................................. 4

        A.      Federal Rule of Civil Procedure 12(b)(1) ................................................. 4

        B.      The District is entitled to governmental immunity
                from Plaintiffs' state law negligence and battery claims ........................................ 5

IV.     MOTION TO DISMISS – RULE 12(b)(6).................................................................. 6

        A.      Federal Rule of Civil Procedure 12(b)(6) .................................................. 6

        B.      Plaintiffs claims under the Individuals with Disabilities
                Education Act require administrative exhaustion ................................................... 7

                1.      The requirement to exhaust administrative remedies
                        under the Individuals with Disabilities Education Act ............................... 7

                2.      Plaintiffs did not administratively exhaust her claims................................. 8

                3.      Plaintiffs seek remedies available under
                        the Individuals with Disabilities Education Act
                        thereby requiring administrative exhaustion.............................................. 8

        C.      Plaintiffs' factual allegations fail to state a violation of A.M.'s
                constitutional rights for which the District is responsible ..................................... 9

                1.      The special relationship and state created
                        danger theories of liability are inapplicable here....................................... 9

                2.      The Fifth Circuit has not recognized the
                        special relationship theory of liability....................................................... 10

                3.      The Fifth Circuit has not recognized the
                        state created danger theory of liability...................................................... 10

                4.      Plaintiffs have not pleaded any factual allegations
                        supporting municipal liability on the part of the District........................... 12

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
566 U.S. 662 (2009) ................................................................................................................ 7

*Bd. of County Comm'rs of Bryan County, Okla. v. Brown*,
520 U.S. 397 (1997) .............................................................................................................. 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................ 7

*Bennett v. City of Slidell*,
735 F.2d 861 (5th Cir. 1984) ............................................................................................... 12

*Bennett-Nelson v. La. Bd. of Regents*,
431 F.3d 448, 451 (5th Cir. 2005) ......................................................................................... 6

*City of Canton v. Harris*,
489 U.S. 378 (1989) .............................................................................................................. 12

*City of Houston v. Williams*,
353 S.W.3d 128, 134 (Tex. 2011) .......................................................................................... 6

*Collins v. City of Harker Heights*,
503 U.S. 115 (1992) ................................................................................................................ 9

*Cundari v. City of Pharr, Tex.*, No. 7:25-CV-00005,
2026 WL 887654 (S.D. Tex. Mar. 31, 2026) ...................................................................... 11

*Doe v. Bridge City Indep. Sch. Dist.*, No. 20-40596,
2021 WL 4900296 (5th Cir. 2021) ...................................................................................... 10

*Doe v. Columbia-Brazoria Indep. Sch. Dist.*,
855 F.3d 681 (5th Cir. 2017) ............................................................................................... 10

*Doe v. Covington Cnty. Sch. Dist.*,
675 F.3d 849 (5th Cir. 2012) ............................................................................................... 10

*Fisher v. Moore*,
   73 F.4th 367 (5th Cir. 2023).................................................................................. 10

*Florence Cnty. Sch. Dist. Four v. Carter*,
   510 U.S. 7 (1993) ................................................................................................... 9

*Fry v. Napolean Cmty. Schs.*,
   580 U.S. 154 (2017) ............................................................................................... 8

*Harris Cnty. V. Sykes*,
   136 S.W.3d 635 (Tex. 2004) .................................................................................. 6

*Heston v. Austin Indep. Sch. Dist.*,
   816 Fed. App'x 977 (5th Cir. 2020) ...................................................................... 8

*Home Builders Ass'n of Miss., Inc. v. City of Madison Miss.*,
   143 F.3d 1006 (5th Cir. 1998)................................................................................ 4

*Jett v. Dallas Indep. School Dist.*,
   7 F.3d 1241 (5th Cir. 1993)................................................................................... 13

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
   253 S.W.3d 653, 655 (Tex. 2008) ..................................................................... 5, 6

*Monell v. Dep't of Social Servs.*,
   436 U.S. 658 (1978) .......................................................................................... 9, 12

*Oklahoma City v. Tuttle*,
   471 U.S. 808 (1989) .............................................................................................. 12

*Pena v. Rio Grande City Consolidated Indep. Sch. Dist.*,
   616 S.W.2d 658 (Tex. Civ. App.—Eastland, 1981, no writ) ................................ 13

*Perez v. Sturgis*,
   143 S. Ct. 859 (2023) ..................................................................................... 7, 8, 9

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001)............................................................................... 5, 6

*Reyes v. Manor Indep. Sch. Dist.*,
850 F.3d 251 (5th Cir. 2017)........................................................................ 8

*Rios v. City of Del Rio*,
444 F.3d 417 (5th Cir. 2006)........................................................................ 7

*Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*,
571 S.W.3d 738, 746 (Tex. 2019) ................................................................ 6

*Ruhrgas AG v. Marathon Oil Co.*,
526 U.S. 574 (1999) ..................................................................................... 5

*Snyder v. Trepagnier*,
142 F.3d 791 (5th Cir. 1998)...................................................................... 12

*Sterling v. City of Jackson, Miss.*,
159 F.4th 361 (5th Cir. 2025)................................................................ 10, 11

*Sterling v. City of Jackson, Miss.*,
167 F.4th 806 (5th Cir. 2026) (per curiam) ............................................... 10

*Stockman v. Fed. Election Comm'n*,
138 F.3d 144 (5th Cir. 1998)........................................................................ 5

*Taylor v. Books A Million, Inc.*,
296 F.3d 376 (5th Cir. 2002)........................................................................ 7

*Teague v. Texas City Indep. Sch. Dist.*,
386 F. Supp. 2d 893 (S.D. Tex. 2005) ....................................................... 13

*Teal v. City of Houston*,
523 F. Supp. 2d 555 (S.D. Tex. 2007). ...................................................... 12

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217, 224 (Tex. 2004)................................................................ 5

*Tooke v. City of Mexia*,
197 S.W.3d 325 (Tex. 2006)........................................................................ 5

*Warnock v. Pecos County*,
  88 F.3d 341, 343 (5th Cir. 1996) ............................................................................................. 6

*Yara v. Perryton Indep. Sch. Dist.*,
  560 Fed. App'x 356 (5th Cir. 2014) (per curiam) ................................................................... 13

*Ybarra v. San Patricio Cnty., Tex.*, No. 2:24-CV-00196,
  2025 WL 4648132 (S.D. Tex. Dec. 11, 2025) ....................................................................... 10

## STATUTES, REGULATIONS, AND RULES

FED. R. CIV. P. 12(b)(6) ................................................................................................................ 6

TEX. CIV. PRAC. & REM. CODE § 101.001 ................................................................................... 5

TEX. CIV. PRAC. & REM. CODE § 101.051 ................................................................................... 6

TEX. CIV. PRAC. & REM. CODE § 101.057 ................................................................................... 6

TEX. EDUC. CODE § 11.151 ........................................................................................................... 6

TEX. EDUC. CODE ANN. § 11.151 ............................................................................................... 13

TEX. GOV'T CODE § 311.034 ........................................................................................................ 6

## OTHER AUTHORITIES

3 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 ............................ 7

*Conroe Indep. Sch. Dist.*, SOAH Dkt. No. 701-23-05448; TEA Dkt. No. 089-SE-1122,
  123 LRP 22473 (Tex. May 31, 2023) ...................................................................................... 9

*Letter to Kohn*,
  17 IDELR 522 (OSERS 1991) ................................................................................................. 9

*Sherryland Indep. Sch. Dist.*, SOAH Dkt. No. 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; TEA Dkt. No. 175-SE-0521,
  121 LRP 43133 (Tex. Nov. 17, 2021) ..................................................................................... 9

## DEFENDANT FRISCO INDEPENDENT SCHOOL DISTRICT'S
## MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT

Defendant Frisco Independent School District (Frisco ISD or the District) files this Motion for Partial Dismissal of Plaintiffs' Complaint in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and, in support thereof, respectfully would show the Court as follows:

## I.     STATEMENT OF THE ISSUES

Plaintiffs Travis Merrill and Roxane Merrill, individually and as parents and next friends of A.M. (collectively, Plaintiffs) filed suit against Frisco ISD asserting various claims arising from the physical abuse of A.M. at the hands of a Frisco ISD employee. The District now moves to dismiss Plaintiffs' state law claims for negligence and assault, Plaintiffs' claims under the Individuals with Disabilities Education Act (IDEA), and Plaintiffs' claims for a violation of A.M.'s constitutional rights.[1] The issues before the Court are as follows:

1.    Frisco ISD is entitled to governmental immunity from Plaintiffs' state law negligence and assault claims;

2.    Plaintiffs' claims under the Individuals with Disabilities Education Act (IDEA) are subject to administrative exhaustion;

3.    The Fifth Circuit has not adopted the special relationship theory liability or the state-created danger theory of liability and, as such, Plaintiffs' claims predicated on those theories are subject to dismissal;

4.    Even assuming *arguendo* that the state-created danger theory exists, Plaintiffs factual allegations do not support a viable claim; and

5.    Plaintiffs cannot establish municipal liability for purposes of the alleged violation of A.M.'s constitutional rights.

---

[1] At this juncture, the District is not moving to dismiss Plaintiffs' claims under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (Section 504). Nevertheless, Frisco ISD disputes Plaintiffs' allegations in support of those claims and adamantly denies that it discriminated against A.M. based on her disabilities. The District's decision to not move to dismiss Plaintiffs' ADA and Section 504 claims is based on judicial economy and not any belief that Plaintiffs will ultimately prevail on those claims.

## II.    STATEMENT OF FACTS[2]

A.M. is a non-verbal fourteen-year-old student with disabilities, including blindness caused by cortical visual impairment, cerebral palsy, epilepsy, and a speech impairment. (Dkt. 1, ¶18). According to Plaintiffs, A.M. depends entirely on adult caregivers for communication, mobility, safety, and daily activities. (Dkt. 1, ¶18). Plaintiffs state "Frisco ISD was fully aware of A.M.'s disabilities, her vulnerability, and her inability to report abuse or protect herself." (Dkt. 1, ¶18). Plaintiffs claim that, during the fall semester of 2024, A.M. began returning home from school with unexplained injuries. (Dkt. 1, ¶19). Specifically, on October 7, 2024, A.M. suffered a black eye while in the care of Frisco ISD staff. (Dkt. 1, ¶19). Plaintiffs claim that while the District documented the injury, it did not conduct any meaningful investigation or implement additional safety measures. (Dkt. 1, ¶19).

Plaintiffs state that, on November 18, 2024, A.M. returned home with deep nail marks and bruising on her forearm. (Dkt. 1, ¶20). According to Plaintiffs, these injuries were severe enough to break the skin and required weeks to heal. (Dkt. 1, ¶20). A.M.'s parents immediately contacted the school, claiming "staff acknowledged seeing the injuries, [but] they could not explain how they occurred." (Dkt. 1, ¶20). Plaintiffs state no protective action was taken. (Dkt. 1, ¶20). Plaintiffs assert A.M. sustained another facial injury on December 9, 2024, while seated between two paraprofessionals. (Dkt. 1, ¶21). Plaintiffs state the District again documented the injury but failed to investigate or modify A.M.'s supervision or placement. (Dkt. 1, ¶21).

According to Plaintiffs, on December 3, 2024, A.M.'s father raised explicit safety concerns during an Admission, Review, and Dismissal (ARD) committee meeting, reporting "inconsistent

---

[2] The factual allegations set forth herein are taken from Plaintiffs' Complaint and are adopted solely for the purposes of the District's Motion for Partial Dismissal. As such, Frisco ISD does not concede Plaintiffs' allegations are true and accurate, and, further, does not waive its right to deny and/or contest any of the factual allegations contained in the Complaint or any subsequently amended complaint filed with the Court.

bruising, damage to A.M.'s equipment, and his belief that A.M. was not safe at school." (Dkt. 1, ¶22). Plaintiffs state the District acknowledged these concerns in the ARD committee documentation, but took no steps to increase supervision, remove staff, or otherwise protect A.M. (Dkt. 1, ¶22). Plaintiffs claim that, despite these repeated warning signs, Frisco ISD continued to assign A.M. to the same paraprofessional staff and failed to implement any additional safeguards. (Dkt. 1, ¶23).

Plaintiffs state that on December 20, 2024, at approximately 2:55 pm., two Frisco ISD staff members witnessed paraprofessional Karthiga Moorthy "ripping A.M.'s headphones off, yelling at her, and slapping her across the face with an open hand hard enough to turn her head." (Dkt. 1, ¶24). A.M.'s headphones were secured on top of her head by attaching a large claw/jaw-clip style hairclip over the center of the top of the headphones, which firmly anchored the headphones to A.M.'s naturally curly hair. (Dkt. 1, ¶24). Plaintiffs assert the amount of force needed to rip the headphones off of A.M.'s head without first carefully disengaging the large claw hairclip was significant and resulted in the sudden yanking of A.M.'s hair. (Dkt. 1, ¶24). Plaintiffs state the assault occurred in the Active Learning Class (ALC) at Hunt Middle School. (Dkt. 1, ¶24).

Plaintiffs state the assault was immediately reported to the school administration. (Dkt. 1, ¶25). A.M. was taken to the school nurse, who documented the incident. (Dkt. 1, ¶25). Frisco ISD notified law enforcement, and the Frisco Police Department initiated a criminal investigation. (Dkt. 1, ¶25). Paraprofessional Moorthy was subsequently charged, convicted, and sentenced for assault against a disabled individual. (Dkt. 1, ¶25). Plaintiffs claim "[t]he December 20 assault confirmed what the earlier injuries had already indicated: A.M. had been subjected to ongoing abuse while under the District's supervision." (Dkt. 1, ¶26). Plaintiffs assert that following the assault, A.M. began crying throughout the school day, refusing therapy, exhibiting fear of new people, and

suffering nightmares, as well as began experiencing seizure activity. (Dkt. 1, ¶27).

Plaintiffs also state the District failed to provide A.M. with special education and related services under the IDEA in accordance with A.M.'s Individualized Education Program (IEP). (Dkt. 1, ¶28). More specifically, Plaintiffs assert "the District offered significantly inadequate service minutes, including no direct occupational therapy, about eleven minutes per week of physical therapy, and only minimal speech therapy," which did not "meet A.M.'s IEP goals or to offer meaningful educational benefits." (Dkt. 1, ¶28). Plaintiffs also state the District placed A.M. in an "inappropriate instructional setting[.]" (Dkt. 1, ¶29). Plaintiffs assert the District refused reasonable safety measures requested by A.M.'s parents and refused to allow her parents to review camera footage of her special education classroom. (Dkt. 1, ¶30).

Plaintiffs assert when A.M. began attending a new school within Frisco ISD in the fall of 2025, the District "obstructed the smooth administration of A.M.'s diet at school in a seemingly retaliatory manner." (Dkt. 1, ¶33). More specifically, Plaintiffs state "A.M. has been on a Keto diet" since elementary school and "has been fed via a g-tube with her parents making her food at home by blending it, and then with the nurse or the teacher later in the day feeding her at school." (Dkt. 1, ¶33). Plaintiffs assert that, beginning this year, "the school has refused to feed her this homemade blended diet," insisting "on manufactured food that [does not] exist." (Dkt. 1, ¶33).

## I.     MOTION TO DISMISS - RULE 12(b)(1)

### A.     Federal Rule of Civil Procedure 12(b)(1).

A case may be dismissed for lack of subject-matter jurisdiction "when the court lacks statutory or constitutional power to adjudicate the case."[3] Because federal courts are courts of limited jurisdiction, this Court must dismiss any case over which the Court does not possess

---

[3] *Home Builders Ass'n of Miss., Inc. v. City of Madison Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

subject-matter jurisdiction.[4] It follows that the Court must consider Frisco ISD's Rule 12(b)(1) motion to dismiss before any other challenge to Plaintiffs' pleading because subject-matter jurisdiction is "a threshold matter" that is "inflexible and without exception."[5] The burden of proof on a Rule 12(b)(1) motion to dismiss lies with the party asserting a lack of jurisdiction.[6]

**B.  The District is entitled to governmental immunity from Plaintiffs' state law negligence and battery claims.**

Sovereign immunity and its counterpart, governmental immunity, exist to protect the state and its political subdivisions from lawsuits and liability for money damages.[7] While sovereign immunity protects the state, state agencies, and their officers, governmental immunity protects subdivisions of the state, including municipalities, counties, and school districts.[8] Texas governmental immunity encompasses two distinct but equally protective doctrines. Immunity from suit precludes an action against governmental entities unless the state legislature expressly consents in clear and unambiguous language, while immunity from liability shields governmental entities from judgments even if the legislature has expressly waived their immunity from suit.[9] Critically, immunity from suit is jurisdictional—it deprives the Court of the power to hear and decide the claim.[10]

In this case, Frisco ISD is a "governmental unit" as that term is expressly defined in the Texas Tort Claims Act (TTCA).[11] As a political subdivision of the state of Texas, Frisco ISD shares in the state's inherent immunity when performing governmental functions as the State's

---

[4] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).
[5] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).
[6] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[7] *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008).
[8] *Id.* at 654 n.2.
[9] *Mission*, 253 S.W.3d at 654 n.2; *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).
[10] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).
[11] TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) (defining "governmental unit" to include "a political subdivision of this state, including any . . . public school district").

agent.[12] Because immunity is a function of sovereign status, Frisco ISD retains immunity from suit unless a specific, affirmative, and legislatively authorized waiver applies.[13] It follows that any claims brought against the District without a valid waiver must be dismissed for lack of subject-matter jurisdiction regardless of the forum.[14]

While the TTCA provides a waiver for state law tort claims against school districts, that waiver is limited to claims arising from the use or operation of a motor vehicle.[15] The face of Plaintiffs' Complaint reflects that neither their negligence claim nor their assault claim arise from the use or operation of a motor vehicle and, as such, are barred by the District's governmental immunity. Plaintiffs' assault claim is also independently barred as the TTCA expressly excludes a waiver of immunity for claims arising out of intentional torts.[16] As such, the Court lacks subject matter jurisdiction over Plaintiffs' negligence and assault claims as a matter of law and should dismiss those claims with prejudice.

### III.    MOTION TO DISMISS – RULE 12(b)(6)

A.    **Federal Rule of Civil Procedure 12(b)(6).**

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."[17] Frisco ISD bears the burden of showing that no claim has been stated upon which relief can be granted.[18] To survive a motion to dismiss, "the complaint must contain either direct allegations on every

---

[12] *Mission*, 253 S.W.3d at 655; *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019); TEX. EDUC. CODE § 11.151(a) (conferring on independent school districts the power to "sue and be sued," thereby confirming their status as distinct governmental entities subject to immunity doctrine).
[13] TEX. GOV'T CODE § 311.034; *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011).
[14] *Harris Cnty. V. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (governmental immunity deprives courts of subject-matter jurisdiction unless waived). *See also Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996); *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 451 (5th Cir. 2005).
[15] *See* TEX. CIV. PRAC. & REM. CODE § 101.051.
[16] *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) (specifically excluding assault claims).
[17] *Ramming*, 281 F.3d at 161.
[18] FED. R. CIV. P. 12(b)(6).

material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[19] A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[20] The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[21] Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted.[22] Nor do "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" suffice for purposes of Rule 12(b)(6).[23]

## B. Plaintiffs' claims under the Individuals with Disabilities Education Act require administrative exhaustion.

A plaintiff who files suit "premised on the past denial of a free appropriate public education [FAPE] may nonetheless proceed without exhausting IDEA's administrative processes if the remedy [the] plaintiff seeks is not one IDEA provides."[24] It follows that if Plaintiffs seek money damages that are not otherwise available under the IDEA, exhaustion is not required. *Perez*, however, does not excuse Plaintiffs' failure to administratively exhaust A.M.'s claims here because the remedies they seek with respect to their IDEA claim are available under the IDEA.

### 1. The requirement to exhaust administrative remedies under the Individuals with Disabilities Education Act.

When a plaintiff files suit against a school district seeking relief that is also available under the IDEA, the plaintiff is required to first exhaust all administrative remedies available to her under

---

[19] *Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006) (quoting 3 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 at 156-159).
[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[21] *Id*. at 555 (citation and footnote omitted).
[22] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
[23] *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).
[24] *Perez v. Sturgis*, 598 U.S. 142, 150 (2023).

the IDEA.[25] Under *Fry* and *Perez*, this requires the Court to not only determine whether the basis of A.M.'s claims sound in the denial of a FAPE, but also analyze whether the remedies A.M. seeks to rectify the alleged denial of a FAPE are available under the IDEA. In doing so, the Court looks to the "gravamen of [the] complaint" to determine whether the complaint "seeks redress for a school's failure to provide a [FAPE], even if not phrased or framed in precisely that same way."[26] What matters, then, is "the crux—or, in legal-speak, the gravamen—of the plaintiff's complaint, setting aside any attempts at artful pleading."[27] Here, Plaintiffs' Complaint leaves no doubt that her claims sound in the denial of a FAPE as they have specifically asserted claims under the IDEA. (Dkt. 1, ¶¶58-64).

### 2. Plaintiffs did not administratively exhaust their claims.

The Fifth Circuit has made clear that the exhaustion of a plaintiff's administrative remedies under the IDEA requires findings and a decision from a Special Education Hearing Officer (SEHO).[28] Plaintiffs' Complaint, however, is devoid of any indication that they filed a Due Process Hearing regarding the alleged IDEA violations or that they received a finding or decision from a SEHO regarding the alleged IDEA violations.

### 3. Plaintiffs seek remedies available under the Individuals with Disabilities Education Act thereby requiring administrative exhaustion.

"An impartial [SEHO] has the authority to grant all relief deemed necessary, including compensatory education, to ensure the student receives the requisite educational benefit denied by

---

[25] *Id.*at 149; *Fry v. Napolean Cmty. Schs.*, 580 U.S. 154, 161 (2017).

[26] *Fry*, 580 U.S. at 170.

[27] *Id.* at 169.

[28] *See Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 256 (5th Cir. 2017) ("Exhaustion requires more than pleading a claim, however; it requires "findings and decision" by the administrative body."); *Heston v. Austin Indep. Sch. Dist.*, 816 Fed. App'x 977, 983 (5th Cir. 2020), *abrogated on other grounds, Perez v. Sturgis*, 143 S. Ct. at 859 ("[W]e have previously held that administrative exhaustion requires 'more than pleading a claim'—the administrative body must actually come to a decision.").

the school district's failure to comply with the IDEA."[29] Indeed, SEHOs "have broad equitable powers, as courts do, to fashion appropriate relief where there has been a violation of the IDEA."[30] Here, Plaintiffs seek "compensatory education" and "reimbursement for related expenses," which are exactly the type of remedies a SEHO can provide. It follows that Plaintiffs must exhaust their IDEA claims through an administrative due process hearing before filing suit to seek remedies otherwise available under the IDEA.[31]

**C.      Plaintiffs' factual allegations fail to state a violation of A.M.'s constitutional rights for which the District is responsible.**

The analysis of a constitutional claim requires a separation of two issues—(1) whether the plaintiff's harm was caused by a constitutional violation, and, if so, (2) whether the school district is responsible for that violation.[32] The latter inquiry is of particular importance because school districts may not be held liable for constitutional violations under 42 U.S.C. § 1983 "'unless action pursuant to official municipal policy of some nature caused a constitutional tort.'"[33]

**1.      The special relationship and state created danger theories of liability are inapplicable here.**

Plaintiffs assert a substantive due process claim against the District predicated on the special relationship theory of liability and the state-created danger theory of liability. (Dkt. 1, ¶¶34-43). Both theories, however, are exceptions to the general rule that "[t]he Due Process Clause . . .

---

[29] *Sherryland Indep. Sch. Dist.*, SOAH Dkt. No. 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; TEA Dkt. No. 175-SE-0521, 121 LRP 43133 (Tex. Nov. 17, 2021) (citing *Letter to Kohn*, 17 IDELR 522 (OSERS 1991)). The District is providing the Court with courtesy copies of the *Sherryland* decision and *Letter to Kohn*.

[30] *Conroe Indep. Sch. Dist.*, SOAH Dkt. No. 701-23-05448; TEA Dkt. No. 089-SE-1122, 123 LRP 22473 (Tex. May 31, 2023); *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15-16, (1993) ("[O]nce a court holds that the public placement violated IDEA, it is authorized to grant such relief as the court determines is appropriate. Under this provision, equitable considerations are relevant in fashioning relief, and the court enjoys broad discretion in so doing."). The District is providing the Court with a courtesy copy of the *Conroe* decision.

[31] *Perez*, 598 U.S. at 150-51.

[32] *Collins v. City of Harker Heights*, 503 U.S. 115, 121-22 (1992).

[33] *Id.* at 121 (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)).

does not require the government to protect citizens from the acts of private actors."[34] Here, Plaintiffs do not assert that a private actor caused A.M.'s injuries; rather, they assert a Frisco ISD employee violated A.M.'s right to bodily integrity. (Dkt. 1, ¶36). It follows that, even assuming *arguendo* that either theory is recognized by the Fifth Circuit, they are not applicable here.

2. **The Fifth Circuit has not recognized the special relationship theory of liability.**

To support their § 1983 claim, Plaintiffs assert "Frisco ISD had a constitutional duty to protect A.M. under the 'special relationship' doctrine." (Dkt. 1, ¶40). The Fifth Circuit, however, does not recognize the special relationship theory of liability vis-à-vis school districts for purposes of § 1983.[35] The Court should dismiss Plaintiffs' § 1983 claim predicated on a special relationship theory accordingly.

3. **The Fifth Circuit has not recognized the state created danger theory of liability.**

For years, the Fifth Circuit consistently declined to adopt the state created danger theory of liability.[36] In November 2025, the Fifth Circuit reversed course and "explicitly adopted the state-created-danger theory 'as a viable theory in our circuit,'" before vacating that decision in February 2026, pending a rehearing en banc.[37] It follows that, currently, this theory does not provide Plaintiffs with a viable substantive due process claim. But even assuming *arguendo* that the en banc Fifth Circuit adopts the state-created danger theory of liability and the elements articulated in *Sterling*, Plaintiffs' factual allegations do not support A.M.'s claim.

---

[34] *Ybarra v. San Patricio Cnty., Tex.*, No. 2:24-CV-00196, 2025 WL 4648132, at *3 (S.D. Tex. Dec. 11, 2025), *adopted as modified*, 2026 WL 381185 (S.D. Tex. Feb. 11, 2026). *See also Fisher v. Moore*, 73 F.4th 367, 371-72 (5th Cir. 2023) (discussing the special relationship and state-created danger theories of liability in terms of exceptions to the general rule that the Due Process Clause does not require the government to protect citizens from private actors).

[35] *See Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 863 (5th Cir. 2012).

[36] *Id.* at 854-66; *Fisher*, 73 F.4th at 374; *Doe v. Bridge City Indep. Sch. Dist.*, No. 20-40596, 2021 WL 4900296, at *2 (5th Cir. Oct. 20, 2021); *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 687-89 (5th Cir. 2017).

[37] *Ybarra*, 2025 WL 4648132, at *3; *Sterling v. City of Jackson, Miss.*, 159 F.4th 361 (5th Cir. 2025); *Sterling v. City of Jackson, Miss.*, 167 F.4th 806, 807 (5th Cir. 2026) (per curiam).

To establish such a claim, Plaintiffs must plead facts tending to show (1) that a state actor or state actors affirmatively acted to create or enhance a danger to A.M.; (2) that the act or acts created or enhanced a danger specific to A.M. and distinct from the danger to the general public; (3) that the act or acts caused A.M.'s harm; and (4) that the state actor's conduct, when viewed in total, shocks the conscience.[38] Plaintiffs' allegations fail on the first element. To that end, none of the allegations in the Complaint even insinuate that anyone with Frisco ISD "affirmatively acted to create or enhance a danger to A.M.;" rather, Plaintiffs allegations all sound in negligence—the District's employees all failed to act in response to A.M.'s injuries.[39] (Dkt. 1, ¶¶19, 20, 21).

More to the point, there are no allegations reflecting that the District played any part in Paraprofessional Moorthy's independent actions of assaulting A.M. on December 20, 2024. (Dkt. 1, ¶24). Additionally, there are no factual allegations reflecting that Frisco ISD took any affirmative steps to enhance any danger to A.M. As noted above, at most, Plaintiffs take issue with the alleged inaction by District employees. And while Plaintiffs plead that A.M. came home prior to December 20, 2024, with unexplained injuries, there are no factual allegations allowing the Court to draw an inference that those prior injuries came at the hands of Paraprofessional Moorthy.

This latter point has a direct bearing on the third element, which requires facts tending to establish that the (unidentified) affirmative acts caused A.M.'s harm. Even if the Court were inclined to find that inaction equates to affirmative action, there are no facts tending to show that Frisco ISD's alleged failures resulted in Paraprofessional Moorthy's conduct. Indeed, there could be numerous explanations for A.M.'s black eye in October 2024, her forearm injury in November 2024, and her facial injury in December 2024. (Dkt. 1, ¶¶19-21). And failing to adequately

---

[38] *Sterling*, 167 F.4th at 386.

[39] *See, e.g., Cundari v. City of Pharr, Tex.*, No. 7:25-CV-00005, 2026 WL 887654, at *6 (S.D. Tex. Mar. 31, 2026) (declining to apply state-created danger following the city's failure to respond to warnings about a dangerous pack of dogs).

investigate those or take other actions did not cause Paraprofessional Moorthy to assault A.M. Without this factual support, Plaintiffs' state-created danger claim fails.

> **4.** **Plaintiffs have not pleaded any factual allegations supporting municipal liability on the part of the District.**

Assuming *arguendo* that Plaintiffs pleaded a viable violation of A.M.'s constitutional rights, her claims fail because Frisco ISD cannot be held liable for such violations under a theory of *respondeat superior*. Instead, liability may be imposed "only where the [governmental entity] *itself* causes the constitutional violation at issue."[40] As such, to establish municipal liability, and therefore maintain a claim against the District, Plaintiffs must establish that the "execution of a [Frisco ISD] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] [A.M.'s] injury."[41]

In other words, Plaintiffs must plead facts identifying a policy or custom adopted by the Frisco ISD Board of Trustees with deliberate indifference that was the moving force behind the alleged violation of Plaintiff's constitutional rights.[42] For purposes of municipal liability, the Fifth Circuit has defined an "official policy" as follows:

> A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.[43]

---

[40] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).
[41] *Monell*, 436 U.S. at 694.
[42] *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403-04 (1997); *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1989); *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998); *Teal v. City of Houston*, 523 F. Supp. 2d 555, 563 (S.D. Tex. 2007).
[43] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).

Plaintiffs' Complaint, however, is devoid of any factual allegations identifying the existence of a policy or custom adopted with deliberate indifference by the Frisco ISD Board of Trustees that was the moving force behind the violation of A.M.'s constitutional rights.[44] It follows that A.M.'s constitutional claims fail and the Court should dismiss those claims accordingly.

WHEREFORE, PREMISES CONSIDERED, Frisco ISD prays that this Court grant its Motion for Partial Dismissal of Plaintiffs' Complaint in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Frisco ISD prays for such other and further relief to which it may show itself justly entitled, including attorneys' fees and court costs.

Respectfully submitted,

By: /s/Meredith Prykryl Walker
Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS KYLE
ROBINSON & DE LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

ATTORNEYS FOR DEFENDANT
FRISCO INDEPENDENT
SCHOOL DISTRICT

---

[44] The Board of Trustees is the final policymaker for the District as a matter of law. *See* TEX. EDUC. CODE ANN. § 11.151; *Jett v. Dallas Indep. School Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993); *Teague v. Texas City Indep. Sch. Dist.*, 386 F. Supp. 2d 893, 896 (S.D. Tex. 2005), *aff'd* 185 Fed. App'x. 355 (5th Cir. 2006); *Pena v. Rio Grande City Consolidated Indep. Sch. Dist.*, 616 S.W.2d 658, 660 (Tex. Civ. App.—Eastland, 1981, no writ); *Yara v. Perryton Indep. Sch. Dist.*, 560 Fed. App'x 356, 359 (5th Cir. 2014) (per curiam).

<u>**CERTIFICATE OF SERVICE**</u>

On May 4, 2026, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Robert S. Mactavish
Lento Law Group, P.C.
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012

/s/Meredith Prykryl Walker
Meredith Prykryl Walker