IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRAVIS MERRILL and ROXANE MERRILL, individually and as parents and next friends of A.M., a minor, | § § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 4:26-cv-00199-RWS |
| v. | § § | |
| FRISCO INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT**

Defendant Frisco Independent School District (Frisco ISD or the District) files this Reply Brief in support of its Motion for Partial Dismissal of Plaintiffs' Complaint in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and, in support thereof, respectfully would show the Court as follows:

**A.      The District is entitled to governmental immunity from Plaintiffs' state law negligence and battery claims.**

In arguing against dismissal of their state law negligence and battery claims, Plaintiffs ignore important provisions of the Texas Tort Claims Act (TTCA). While Plaintiffs direct the Court to § 101.021 of the Texas Civil Practices and Remedies Code to assert that Frisco ISD is liable for A.M.'s injuries at the hands of an employee, they fail to even address § 101.051, which bar their claims. More specifically, § 101.051 explicitly states that the TTCA "does not apply to a school district" unless the claim arises from the use or operation of a motor vehicle.[1] It follows that Plaintiffs' reliance on claims "involve[ing] a condition or use of tangible personal property"

---

[1] TEX. CIV. PRAC. & REM. CODE § 101.051.

1

and subsequent argument is wholly inapposite to the Court's analysis.[2]

Plaintiffs' battery claim is also independently barred under § 101.057, which explicitly states that the TTCA does not waive Frisco ISD's governmental immunity for claims "arising out of assault."[3] Plaintiffs now move away from this claim, asserting a negligent supervision theory of liability. But because the TTCA only waives the District's governmental immunity for claims arising from the use or operation of a motor vehicle, Plaintiffs' attempt to cast their claims outside of intentional conduct does not save those claims. Simply put, Plaintiffs' claims do not arise from the use or operation of a motor vehicle and, as such, their state law negligence and battery claims, as well as any other tort theories asserted against the District, fail as a matter of law. The Court should dismiss Plaintiffs' state law claims and tort claims accordingly.[4]

**B.      Plaintiffs claims under the Individuals with Disabilities Education Act require exhaustion.**

Plaintiffs' Complaint asserts a claim under the Individuals with Disabilities Education Act (IDEA). As part of that claim, Plaintiffs explicitly state they are "seek[ing] compensatory education [and] reimbursement for related expenses." (Dkt. 1, ¶63). There can be no question that a claim entitled "Count IV Individuals with Disabilities Education Act (IDEA)" is a claim premised on the provision of a free appropriate public education, particularly given the assertions Plaintiffs make in connection with that claim. (Dkt. 1, ¶¶58-65). Plaintiffs' allegations, coupled with their request for relief, results in the need to administratively exhaust their IDEA claims. Instead of addressing these issues, Plaintiffs assert that their requested remedies are not available

---

[2] TEX. CIV. PRAC. & REM. CODE § 101.021(2).
[3] TEX. CIV. PRAC. & REM. CODE § 101.057(2).
[4] Frisco ISD notes that this is a well-settled area of law and finds it incredible that Plaintiffs would assert the District does not have governmental immunity given the District's direct citation to § 101.051, the explicit language in the statute, and the extensive case law applying the exception. *See, e.g., Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008) ("For school districts, the Act's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles.").

under the IDEA. (Dkt. 8, p.8). But Plaintiffs cannot square that assertion with the plain language of their Complaint, which seeks compensatory education and reimbursement. Indeed, Plaintiffs admit that those are exactly the type of remedies the IDEA provides for. (Dkt. 8, p.8). It follows that Plaintiffs' IDEA claims require exhaustion.[5]

**C.     Plaintiffs failed to address the District's arguments regarding the special relationship and state created danger theories of liability.**

Count I of Plaintiffs' Complaint specifically states "42 U.S.C. § 1983 – Fourteenth Amendment State-Created Danger & Special Relationship" and then proceeds to assert allegations purportedly supporting these theories. (Dkt. 1, ¶¶34-43). Frisco ISD addressed those theories accordingly in its Motion for Partial Dismissal, noting (1) neither theory of liability is applicable to the facts before the Court and (2) the Fifth Circuit has not recognized either theory of liability. (Dkt. 7, ECF pp.15-18). Plaintiffs did not address either argument. Frisco ISD also addressed the application of the state created danger theory of liability, noting that it does not support a claim against the District. (Dkt. 7, ECF pp.15-18). Plaintiffs also failed to address this argument.

Instead, Plaintiffs assert "[t]he Fifth Circuit recognizes bodily-integrity claims for abuse by school employees." (Dkt. 8, p.11). Once again, Frisco ISD never made an argument to the contrary; rather, it addressed the claims pled in Plaintiffs' Complaint. Indeed, recognizing a potentially pled constitutional right outside of the special relationship and state created danger theories of liability, the District addressed Plaintiffs' inability to establish municipal liability despite not explicitly invoking this theory in the Complaint. Plaintiffs' response to this argument, however, does not save any purportedly pled municipal liability claim.

While Plaintiffs list a litany of alleged policies, practices and customs, they fail to tie those

---

[5] Despite Plaintiffs' argument addressing exhaustion of their non-IDEA claims, Frisco ISD never asserted Plaintiffs' claims under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (Section 504), or 42 U.S.C. § 1983 required exhaustion.

alleged policies, practices, and customs to Frisco ISD Board of Trustees, which is the District's final policymaker as a matter of law.[6] As it currently stands, Plaintiffs' allegations read as an attempt to hold Frisco ISD liable for the conduct of its employees. Without identifying a custom or policy adopted by the Frisco ISD Board of Trustees with deliberate indifference that was the moving force behind the alleged violation of A.M.'s constitutional rights, any attempt to hold the District liable under a municipal liability theory fails.[7] The Court should dismiss A.M.'s constitutional claims accordingly.

WHEREFORE, PREMISES CONSIDERED, Frisco ISD prays that this Court grant its Motion for Partial Dismissal of Plaintiffs' Complaint in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Frisco ISD prays for such other and further relief to which it may show itself justly entitled, including attorneys' fees and court costs.

Respectfully submitted,

By: /s/Meredith Prykryl Walker
  Meredith Prykryl Walker
  State Bar No. 24056487

WALSH GALLEGOS KYLE
ROBINSON & DE LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

ATTORNEYS FOR DEFENDANT
FRISCO INDEPENDENT
SCHOOL DISTRICT

---

[6] *See* TEX. EDUC. CODE ANN. § 11.151; *Jett v. Dallas Indep. School Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993); *Teague v. Texas City Indep. Sch. Dist.*, 386 F. Supp. 2d 893, 896 (S.D. Tex. 2005), *aff'd* 185 Fed. App'x. 355 (5th Cir. 2006); *Pena v. Rio Grande City Consolidated Indep. Sch. Dist.*, 616 S.W.2d 658, 660 (Tex. Civ. App.—Eastland, 1981, no writ); *Yara v. Perryton Indep. Sch. Dist.*, 560 Fed. App'x 356, 359 (5th Cir. 2014) (per curiam).

[7] *See Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403-04 (1997); *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1989); *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998); *Teal v. City of Houston*, 523 F. Supp. 2d 555, 563 (S.D. Tex. 2007).

## CERTIFICATE OF SERVICE

On May 20, 2026, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Robert S. Mactavish
Lento Law Group, P.C.
3003 N Central Avenue, Suite 685
Phoenix, AZ 85012

/s/Meredith Prykryl Walker
Meredith Prykryl Walker