IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRAVIS MERRILL and ROXANE MERRILL, individually and as parents and next friends of A.M., a minor, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:26-cv-00199-RWS |
| FRISCO INDEPENDENT SCHOOL DISTRICT, | § | |
| Defendant. | § | |

**JOINT MOTION FOR CONTINUANCE OF TRIAL SETTING**

Plaintiffs Travis Merrill and Roxane Merrill, individually and as parents and next friends of A.M., a minor (Plaintiffs), and Defendant Frisco Independent School District (Defendant) (collectively, the Parties), file this Joint Motion for Continuance of Trial Setting and, in support thereof, would respectfully show the Court as follows:

1. Plaintiffs filed suit against Defendant on February 24, 2026. (Dkt. 1). Defendant filed a Motion for Partial Dismissal of Plaintiffs' Complaint on May 4, 2026, which has been fully briefed and remains pending before the Court. (Dkt. 7; Dkt. 8; Dkt. 9).

2. Plaintiffs assert claims against Defendant for a denial of A.M.'s right to a free appropriate public education under the Individuals with Disabilities Education Act, disability discrimination in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, violation of A.M.'s constitutional rights, negligence, and battery. Plaintiffs' claims arise from abuse A.M. allegedly suffered at the hands of Defendant's employees.

3. On July 21, 2026, the Court entered its Order setting this matter for jury trial beginning May 10, 2027, with jury selection that same morning and a pretrial conference on May

4, 2027. (Dkt. 11). The Court's Order provides that the May 10, 2027 trial setting is a Court-designated date that may not be changed absent good cause.

4. Good cause exists to continue the present trial setting because Defendant's lead counsel, Meredith Prykryl Walker, has professional and personal conflicts during the week of May 10, 2027. Ms. Walker is currently scheduled for trial in the Western District of Texas during the weeks of May 10 and May 17, 2027.

5. Additionally, Ms. Walker has obligations associated with her eldest son's graduation from high school. These conflicts involve non-recurring family and school obligations that cannot reasonably be rescheduled and that coincide with the Court's current trial setting, including Senior Sunset and Senior Clap-out.[1]

6. The requested continuance is not sought for purposes of delay. Rather, the Parties jointly request a limited continuance so that the case may proceed to trial at a time when counsel can fully participate without conflict.

7. The Parties have conferred regarding alternative trial settings and are mutually available for trial during either of the following weeks:

a. June 7-11;

b. July 5-9, 2027; or

c. July 12-16, 2027.

The Parties respectfully request that the Court reset trial accordingly.

8. On August 8, 2026, counsel for the Parties conferred via e-mail and are agreed to the requested continuance and to either of the proposed July 2027 trial settings.

---

[1] Ms. Walker is also requesting that the May 10 and May 17 trial setting in the Western District of Texas be moved, but that Motion is not currently on file.

9. The Parties are not proposing any additional changes to the Court's current Docket Control Order. To the extent the Court determines that the pretrial conference or any other deadlines tied to the current trial setting should likewise be reset, the Parties request that those deadlines be adjusted accordingly by the Court.

10. Because the requested continuance is limited, jointly requested, supported by conflicts that cannot reasonably be avoided, and will not prejudice either side, the Parties respectfully submit that good cause exists to continue the May 10, 2027 trial setting.

11. The Parties have attached to this Motion a proposed Docket Control Order for entry by the Court in the event that the Court finds good cause for the continuance.

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that the Court grant this Joint Motion for Continuance, continue the May 10, 2027 trial setting, and reset this matter for jury trial during the week of June 7-11, 2027, July 5-9, 2027, or July 12-16, 2027, together with such other and further relief to which the Parties may be entitled.

Respectfully submitted,

By: /s/ Robert S. Mactavish
Robert S. Mactavish
Florida Bar No. 0596388

LENTO LAW GROUP, P.C.
3003 N. Central Avenue, Suite 685
Phoenix, Arizona 85012
575.517.6542
707.215.3600 (facsimile)
Robert.mactavish@llgnational.com

ATTORNEY FOR PLAINTIFFS

By: /s/ Meredith Prykryl Walker
Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS KYLE
ROBINSON & DE LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for the Parties have conferred regarding the relief requested herein and are agreed to the filing of this Motion.

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker

**CERTIFICATE OF SERVICE**

On August 19, 2026, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Robert Mactavish
Lento Law Group, P.C.

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRAVIS MERRILL and ROXANE MERRILL, individually and as parents and next friends of A.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>FRISCO INDEPENDENT SCHOOL DISTRICT,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:26-cv-00199-RWS |

**DOCKET CONTROL ORDER**

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **3 DAYS after conclusion of Trial** | Parties to file **Motion to Seal Trial Exhibits**, if they wish to seal any highly confidential exhibits.<br><br>**EXHIBITS: See Order below regarding exhibits.** |
| **Trial Date**<br><br>TBD by the Court<br><br>Court designated date – not flexible without good cause - Motion Required | **JURY TRIAL before Judge Robert W. Schroeder III, Sherman, Texas, immediately following jury section.**<br><br>For planning purposes, parties shall be prepared to start the evidentiary phase of trial immediately following jury selection. |
| **To be assigned by the Court**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION before Judge Robert W. Schroeder III, Sherman, Texas.** |

| | |
|---|---|
| **May 4, 2027**<br><br>Court designated date – not flexible without good cause - Motion Required | **10:00 a.m. PRETRIAL CONFERENCE before Judge Robert W. Schroeder III, Texarkana, Texas.**<br><br>All pending motions will be heard.<br>Lead trial counsel must attend the pretrial conference. |
| *1 week before pretrial* | **File a Notice of Time Requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |
| *1 week before pretrial* | **File Responses to Motions *in Limine*.** |
| *2 weeks before pretrial* | **File Motions *in Limine* and pretrial objections**<br><br>The parties are **ORDERED** to meet and confer to resolve any disputes before filing any motion *in limine* or objection to pretrial disclosures. |
| *2 weeks before pretrial* | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials**.<br><br>Parties shall use the pretrial order form on Judge Schroeder's website.<br><br>Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |
| *3 weeks before pretrial* | Exchange Objections to Rebuttal Deposition Testimony. |
| *4 weeks before pretrial* | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.**<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice and email Shelly Holmes at shelly_holmes@txed.uscourts.gov. |
| *4 weeks before pretrial* | Exchange Rebuttal Designations and Objections to Deposition Testimony.<br><br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| *6 weeks before pretrial* | Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List).<br><br>Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |

| | |
|---|---|
| **March 9, 2027**<br><br>Court designated date – not flexible without good cause – Motion Required | **Any Remaining Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances.<br><br>For each motion filed, the moving party SHALL provide the Court with one (1) copy of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in a three-ring binder appropriately tabbed. All documents shall be double-sided and must include the CM/ECF header. These copies shall be delivered to Judge Schroeder's chambers in Texarkana as soon as briefing has completed.<br><br>**Respond to Amended Pleadings**. |
| *1 week before Dispositive Motions* | Parties to Identify Rebuttal Trial Witnesses. |
| *2 weeks before Dispositive Motions* | Parties to Identify Trial Witnesses; Amend Pleadings.<br><br>It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. |
| *4 weeks before Dispositive Motions* | Discovery Deadline. |
| *8 weeks before Dispositive Motions* | Document Production Deadline |
| *8 weeks before Dispositive Motions* | Parties designate rebuttal expert witnesses, rebuttal expert witness reports due. Refer to Local Rules for required information.<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| *10 weeks before Dispositive Motions* | Parties with burden of proof designate expert witnesses. Expert witness reports due. Refer to Local Rules for required information. |
| *4 weeks after Scheduling Conference* | Defendant shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |

| | |
|---|---|
| *3 days after Scheduling Conference* | **Mediation**<br><br>Parties are encouraged, but not required, to mediate cases.<br><br>If the parties agree to mediate, they shall jointly file a motion with a proposed order attached. The motion shall indicate whether the parties agree upon a mediator and shall include a mediation deadline. The parties shall confirm the mediator's availability in light of the proposed deadline. If the parties cannot agree on a mediator, they may request the Court appoint a mediator.<br><br>If the parties do not agree to mediate, they shall file a notice so indicating. |
| *1 week before Scheduling Conference* | Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| *Parties' estimated number of trial days* | **The parties anticipate a 4 day trial.** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."

A party may request an oral hearing on a motion filed with the Court. Any such request shall be included in the text or in a footnote on the first page of the motion or any responsive pleading thereto. The Court does not hold telephonic hearings absent unusual circumstances.

**Other Limitations**

(a) The following excuses will not warrant a continuance or justify a failure to comply with the discovery deadline:

(i) The fact that there are motions for summary judgment or motions to dismiss;

(ii) The fact that one or more of the attorneys are set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(b) Amendments to the Docket Control Order ("DCO"): Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion shall include a chart in the format of the DCO that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). The motion to amend the DCO shall also include a proposed DCO in traditional two-column format that incorporates the requested changes and that also lists all remaining dates. In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines rather than needing to also refer to an earlier version of the DCO.

(c) Motions *in Limine*: Each side is limited to one (1) motion *in limine* addressing no more than ten (10) disputed issues. In addition, the parties may file a joint motion *in limine* addressing any agreed issues. The Court views motions *in limine* as appropriate for those things that will create the proverbial "skunk in the jury box," e.g., that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the prejudice with an appropriate instruction. Rulings on motions *in limine* do not exclude evidence, but prohibit the party from offering the disputed testimony prior to obtaining an evidentiary ruling during trial.

(d) Exhibits: Each side is limited to designating 250 exhibits for trial absent a showing of good cause. The parties shall use the exhibit list sample form on Judge Schroeder's website.

(e) Deposition Designations: Each side is limited to designating no more than ten (10) hours of deposition testimony for use at trial absent a showing of good cause. As trial approaches, if either side needs to designate more than ten (10) hours, the party may file a motion for leave and show good cause. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(f) Witness Lists: The parties shall use the witness list sample form on Judge Schroeder's website.

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A. On the first day of trial, each party is required to have:

(1) One copy of their respective original exhibits on hand. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.

(2) Three hard copies of each party's exhibit list and witness list on hand.

(3) One copy of all exhibits on USB Flash Drive(s) or portable hard drive(s). This shall be tendered to the Courtroom Deputy at the beginning of trial.

B. The parties shall follow the process below to admit exhibits.

(1) *On the first day of trial*, each party shall tender a preadmitted list of exhibits it plans to admit into evidence. This list shall include all exhibits which are NOT objected to or to which the Court has already overruled an objection. To the extent there are exhibits with outstanding objections for which the parties need a ruling from the Court, those exhibits should be separately included on the list and designated accordingly to reflect a pending objection. Parties shall entitle the list "[Plaintiff's/Defendant's] List of Preadmitted Exhibits." If, during the course of the day's testimony, a party wishes to offer an objected exhibit into evidence, the party may move for admission at the time it wishes to use that exhibit with a witness. The Court will then hear the opposing party's objection and will rule on the objection at that time.

(2) *On each subsequent day of trial*, the Court will commence by formally admitting all of the exhibits that were either unobjected to or allowed over objection and <u>used</u> during the previous day's trial. The Court will ask for these exhibits to be read into the record and formally admitted into evidence at the beginning of that trial day. These will be the exhibits deemed admitted at trial. The parties shall keep a separate running list of <u>all</u> exhibits admitted throughout the course of trial.

(3) *At the conclusion of evidence*, each party shall read into the record any exhibit that was used but not previously admitted during the course of trial and then tender its final list of every admitted exhibit, entitled "[Plaintiff's/Defendant's] Final List of All Admitted Exhibits." To the extent there are exhibits that were not admitted during the course of trial, but for which there is agreement that they should be provided to the jury, the parties must inform the Court of those exhibits at the conclusion of evidence. The Court will then determine whether those exhibits will be allowed into the jury room for deliberations.

C. At the conclusion of evidence, each party shall be responsible for pulling those exhibits <u>admitted</u> at trial and shall tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. One representative from each side shall meet with the Courtroom Deputy to verify the exhibit list.

D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E. Within five business days of the conclusion of trial, each party shall submit to the Courtroom Deputy:

(1) A Final Exhibit List of Exhibits Admitted During Trial in Word format.

(2) Two CDs containing admitted unsealed trial exhibits in PDF format. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate CD. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.

(3) A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.